IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DAVID EUGENE GRAHAM,

    Plaintiff,

v.                                                CASE NO. 5:10-cv-00065-RS-AK

S CARROLL, et al,

    Defendants.

_____/

**O R D E R**

This matter is before the Court upon the filing of a Complaint (Doc. 1). From a review of the complaint, it is evident that the facts as presented fail to state a claim upon which relief can be granted. Consequently, the Clerk will mail to him another civil rights complaint that Plaintiff must complete in its entirety. He does not need to file any service copies of the complaint at this time.

Plaintiff alleges that during an incident on January 2, 2010, excessive force was used against him by Defendants Witlec and Searcy that resulted in their filing false charges against him and his being held in disciplinary confinement in a cold cell in his underwear and without other property.

Under the Eighth Amendment force is deemed legitimate in a prison setting as long as it is used "in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm." Whitley v. Albers, 475 U.S. 312, 320-21 (1986), quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973). In the context of quelling a prison disturbance, the Supreme Court explained that "whether the measure taken inflicted unnecessary and wanton pain

and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the purpose of causing harm. Whitley at 320-321. See also Skritch v. Thornton, 280 F.3d 1295 (11th Cir. 2002). A variety of factors are considered in determining whether the force was applied maliciously or sadistically, including the need for force, the relationship between that need and the amount of force used, the threat reasonably perceived by the prison officials applying it, and any efforts made to temper the severity of the force used. Hudson v. McMillian, 503 U.S. 1, 7-8 (1992). However, a *de minimis* use of force, as evidenced by no injury, cannot support a claim of excessive use of force. Hudson, at 7.

Plaintiff should provide more facts about what happened, what the circumstances were when the alleged force was used, and why he considers it excessive. He should also provide facts about the injury, if any, that resulted from this use of force.

Plaintiff has not alleged a claim concerning the disciplinary report because federal courts do not review such proceedings absent a claim that there was a procedural defect in the proceedings, which Plaintiff does not claim here. He complains that the charges were false, but the Supreme Court has held that damages cannot be claimed in lawsuits concerning disciplinary proceedings unless the lawsuit would not affect the outcome of those proceedings or affect the duration of the prisoner's confinement. Muhammad v. Close, 540 U.S. 749 (2004). Also required is that there have been a favorable termination of those proceedings, that is that the DR was overturned or dismissed. Edwards v. Balisok, 520 U.S. 641, 117 S.Ct 1584, 137 L.Ed.2d 906 (1997). The Eleventh Circuit had interpreted Balisok to allow claims challenging a disciplinary proceeding that were "purely procedural...." Harden v. Pataki, 320 F.3d 1289, 1295

n.9 (11th Cir. 2003). The procedural requirements for a disciplinary hearing are three-fold: (1) advance written notice; (2) a written statement of the reasons for the disciplinary action taken; and (3) the opportunity to call witnesses and present evidence. Wolff v. McDonnell, 418 U.S. 539, 556, 94 S. Ct. 2963, 2974, 41 L.Ed. 2d 935 (1974); Young v. Jones, 37 F.3d 1457, 1459-60 (11th Cir. 1994); Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999). Plaintiff raises none of these issues.

Further, his complaints about the conditions of his disciplinary confinement other than it was cold and he did not have clothing or other property require more facts before the Court can determine if his claims rise to the level of cruel and unusual punishment. Plaintiff should explain how long he was held that way and how cold it was, but more importantly he is not entitled to damages if he had no injuries from this incident.

Finally, Defendants Witfield, Carroll and Stine are not liable to Plaintiff for their responses to his grievances concerning this incident. Merely signing a grievance does not create liability where the signer had no personal involvement in the alleged violations. Manney v. Moore, 151 F.Supp. 2d 976 (N.D. Ill. 2001). These persons should not be included as defendants if Plaintiff chooses to file an amended complaint.

In amending, Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law. If Plaintiff is able to file an amended complaint, he must name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their full names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form. Further, Plaintiff should clearly describe how each named Defendant is

involved in each alleged constitutional violation. In civil rights cases, more than conclusory and vague allegations are required to state a cause of action. *See*, *e.g.*, Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). In presenting his claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Amended Complaint." Plaintiff is advised that the amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints. An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded. N.D. Fla. Loc. R. 15.1. Plaintiff should file the amended complaint in the Court and keep one identical copy for himself. Plaintiff need not file service copies until instructed to do so by the court.

**IT IS ORDERED:**

1. The clerk of court shall forward to Plaintiff another Section 1983 form.

2. Plaintiff must respond to this Order not later than **April 23, 2010.**

3. **Failure of Plaintiff to respond to this Order may result in the dismissal of this lawsuit.**

**ORDERED** on April 12, 2010.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**