IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DAVID EUGENE GRAHAM,

    Plaintiff,

v.                                                     CASE NO. 5:10-cv-00065-RS-AK

D SEARCY, J T WITALEC,

    Defendants.

_____/

**O R D E R**

Before me is Plaintiff's First Amended Complaint, in which Plaintiff alleges that Defendants Searcy and Witalec used excessive force against him, left him unclothed in a cold cell for 72 hours, and filed false disciplinary reports against him. (Doc. 7). Plaintiff claims only mental and emotional damages allegedly caused by these incidents.

Plaintiff is advised that section 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Despite the wording of § 1997e(e), that "[n]o Federal civil *action* may be *brought*," this circuit has held that the statute limits relief, not causes of action. If no physical injury is alleged, then mental or emotional monetary damages, as well as punitive damages, cannot be recovered. However, declaratory and injunctive relief may be available. Harris v. Garner, 216 F.3d 970 (11th Cir. 2000), *reinstating in part* 190 F.3d 1279 (11th Cir. 1999) and Osterback v. Ingram, et al., No. 00-10558, 263 F.3d 169 (11th Cir. 2001) (Table). 215 F.3d at 1230. "[C]ompensatory damages under § 1983 may be awarded only based on *actual injuries*

caused by the defendant and cannot be presumed or based on the abstract value of the constitutional rights that the defendant violated." Slicker v. Jackson, 215 F.3d 1225, 1229 (11th Cir. 2000) (emphasis by the court), *citing* Memphis Comm. Sch. Dist, v. Stachura, 477 U.S. 299, 309-310, 106 S.Ct. 2537, 2544, 91 L.Ed.2d 249 (1986) and Carey v. Piphus, 435 U.S. 247, 264, 98 S.Ct. at 1042, 1052, 55 L.Ed.2d 252 (1978). Nominal damages may still be recovered even though there are no compensable damages. Slicker v. Jackson, 215 F.3d at 1231, *citing* Carey v. Piphus, 435 U.S. at 266.

Plaintiff seeks no injunctive relief, only monetary and punitive damages. Therefore, Plaintiff's claim for compensatory and punitive damages against Defendants must be dismissed, leaving only the possibility of nominal damages of $1. If Plaintiff wishes to proceed, he may file a second amended complaint, but he should delete any claim for compensatory and punitive damages.

Plaintiff's claims about the false disciplinary reports allege no procedural defects. He complains only that the reports are false. As explained in the Court's previous Order, federal courts do not review disciplinary proceedings to determine if the results were correct. The only constitutional issue reviewable by federal courts is whether due process was afforded Plaintiff, that is, whether he had sufficient notice and an opportunity to be heard. If there is no due process issue, Plaintiff must delete the false disciplinary report claims as well.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Second Amended Complaint." Plaintiff is advised that the second amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or prior amended complaints. An amended complaint completely replaces all previous

complaints and all earlier complaints are disregarded. N.D. Fla. Loc. R. 15.1. Plaintiff should file the second amended complaint with the Court and retain one identical copy for himself. Plaintiff should not file service copies until instructed to do so by the Court.

  **ORDERED** on April 28, 2010.

          /S/ Richard Smoak
          **RICHARD SMOAK**
          **UNITED STATES DISTRICT JUDGE**