IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DAVID EUGENE GRAHAM,

    Plaintiff,

v.                                                    CASE NO. 5:10-cv-00065-RS-GRJ

S CARROLL, et al,

    Defendants.

_____/

## ORDER DIRECTING SERVICE

Plaintiff, an inmate who is proceeding *pro se* and *in forma pauperis*, filed a third amended civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 16). The complaint is sufficient to alert Defendants to the nature and basis of Plaintiff's claims and Plaintiff has now provided sufficient copies of the pleading so that service is appropriate.

Plaintiff has also moved for appointment of counsel asserting that he cannot afford an attorney and the issues he raises are complex and likely will involve conflicting testimony. (Doc. 24). The Court already has reviewed Plaintiff's complaint, which raises claims of excessive use of force by the two named Defendants. The Court is familiar with the law related to this claim and it will be unnecessary for Plaintiff to conduct any legal research to provide to the Court to process this claim. After the Defendants have answered the complaint, a discovery period will be allowed for Plaintiff to obtain documents or other proof he deems necessary to support the facts alleged in this case. If Plaintiff knows of eyewitnesses who can support his claims, the Court will assist in obtaining their affidavits. This process has been used by many other inmates

in this Court without the assistance of counsel. While the Court will not conduct discovery for the Plaintiff, it will assist in the process as necessary and will enter orders setting out the discovery process and deadlines for completing it. A plaintiff in a civil case has no constitutional right to counsel. Only exceptional circumstances warrant appointment, such as where "core facts" are in dispute and the legal issues are so novel or complex as to require the assistance of a trained practitioner. Id., at 1320; Fowler v. Jones, 899 F.2d 1088 (11th Cir. 1990) (appointment of counsel is a privilege, not a right). Plaintiff does not meet the exceptional circumstances requirement at this time, and his motion is **DENIED**.

Accordingly, it is

**ORDERED:**

1. The docket shall reflect that there are two Defendants in this action: **J. T. Witalec and D. Searcy, both of whom are employed at Northwest Florida Reception Center, 4455 Sam Mitchell Drive, Chipley, Florida 32428.**

2. The Clerk shall issue summonses, indicating that Defendants have sixty (60) days in which to file a response to the complaint, and refer the summonses to the United States Marshals Service, along with the service copies of Plaintiff's complaint.

3. The Clerk shall also prepare and send the Marshal a copy of this order for each of the named Defendants.

4. Pursuant to Rule 4(c), Federal Rules of Civil Procedure, **Sheila Pelfrey** is specially appointed to serve process upon Defendants at the Northwest Florida Reception Center.

5. Within 30 days from the date of entry of this order on the docket, the United

States Marshal or a Deputy United States Marshal shall serve a copy of the civil rights complaint, a summons, and this order upon each Defendant. Service shall be accomplished **by mailing these documents by regular mail to the above named special process server who shall serve the complaint.** All costs of service shall be advanced by the United States.

6. Within 10 days after receipt of the complaint and this order, **Sheila Pelfrey,** shall **serve the complaint upon the individuals named above, complete** and **sign** the return of service, and **return** it to the <u>Clerk of Court</u> as proof of service. *Defendants shall also sign the return of service as an acknowledgment of receipt of service.*

7. If any Defendant is no longer employed at the designated institution or facility, or is otherwise unable to be served, the server shall report this information to the Clerk of Court within 10 days after receipt of the complaint and this order. *If service is returned unexecuted, or if a return is not filed within forty-five (45) days from the date of this order, the Clerk of Court shall immediately notify Chambers.*

8. Defendants shall have 60 days in which to file a response to the complaint.

9. No motion for summary judgment shall be filed by any party prior to entry of an Initial Scheduling Order without permission of the Court.

10. Counsel for Defendants shall file a notice of appearance within twenty (20) days of the date of service.

11. Plaintiff is advised that after a response to the complaint has been filed, no further amendments to the complaint shall be permitted by the Court unless, as required by Rule 15 of the Federal Rules of Civil Procedure, Plaintiff files a separate motion for leave to so amend and provides a copy of the proposed amended complaint.

N.D. Fla. Loc. R. 15.1.

12. In accordance with 28 U.S.C. § 636(c)(2), the Clerk shall forward to Plaintiff a form for consenting to trial by the magistrate judge, with the case number written on it. If Plaintiff wishes to consent, the form should be signed and forwarded to counsel for Defendants. If Defendants wish to consent, the form should be signed and returned to the Clerk.

13. After a notice of appearance has been filed, Plaintiff shall be required to mail to the attorney for each Defendant a copy of every pleading or other paper, including letters, submitted for consideration by the Court. Plaintiff shall include with each pleading, motion, or other paper to be filed with the Clerk of the Court a certificate stating the date an identical copy of the paper was mailed to each Defendant or to the attorney representing each Defendant. Any paper so submitted for filing that does not contain a "certificate of service" shall be returned by the Clerk and disregarded by the Court.

14. Plaintiff is reminded to keep the Clerk of Court advised of any change in his mailing address should he be transferred, released from prison, or otherwise be relocated. Failure to do so may result in the dismissal of Plaintiff's action for failure to prosecute should court orders not be able to reach Plaintiff.

15. Plaintiff's Motion for Appointment of Counsel (doc. 24) is **DENIED**.

**DONE AND ORDERED** this 29th day of November 2010.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge