IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DAVID EUGENE GRAHAM,

    Plaintiff,

v.                                                     CASE NO. 5:10-cv-00065-RS-GRJ

S CARROLL, et al,

    Defendants.

_____/

## **O R D E R**

Pending before the Court are: (1) Defendants' Motion to Compel (Doc. 32) and (2) Defendants' Motion for Extension of Time. (Doc. 33.) The Plaintiff has not filed responses[1] and the time for doing so has passed. For the reasons discussed below, Defendant's Motion to Compel is due to be denied and Plaintiff's Motion for Extension of Time is due to be granted the motion to compel is due to be **DENIED**.

## **DISCUSSION**

In Plaintiff's Third Amended Complaint, Plaintiff alleges that Defendants Searcy and Witalec – two correctional officers at Northwest Florida Reception Center – used excessive force by unnecessarily spraying Plaintiff with chemical agents causing severe burns to Plaintiff's skin and respiratory system. (Doc. 16.) Defendants contend that they must have access to Plaintiff's medical records in order to formulate a response to

---

[1] Plaintiff has filed a Motion for Entry of Default. (Doc. 34.) While this filing does not constitute a response to the motions it is evident that the Plaintiff opposes Defendants' request for an extension of time. The motion for entry of default is due to be denied because Defendants' Motion to Compel and Motion for Extension of Time are more than sufficient to demonstrate that Defendants have not failed to "otherwise defend" as required by Rule 55(a) of the Federal Rules of Civil Procedure before a default may be entered.

Plaintiff's Third Amended Complaint. According to Defendants, they have requested Plaintiff to sign a HIPPA[2] release but Plaintiff has refused to do so. Consequently, Defendants request the Court to enter an order compelling Plaintiff to sign a HIPPA release or in the alternative, to dismiss Plaintiff's Eighth Amendment excessive force claim. In their motion for extension of time Defendants request the Court to enter an order enlarging the time within which Defendants must respond to Plaintiff's Third Amended Complaint by thirty days from the date the Court rules on Defendants' Motion to Compel.

Without citing to any authority Defendants contend that Plaintiff should be compelled to execute a HIPPA release because Plaintiff has placed his medical condition at issue by alleging that he suffered injuries as a result of Defendants' actions.

Discovery has not yet commenced because the Court has not yet issued a scheduling order. Further, because the Plaintiff is a prisoner and is not represented by an attorney, the case is exempt from the initial disclosure requirements of Fed. R. Civ.P. 26(a)(1). *See,* N.D.Fla.Loc.R. 26.1(A). As such, Plaintiff is not yet obligated to provide any discovery.

Moreover, even assuming Defendant's request that Plaintiff execute a HIPPA release was made during discovery, Plaintiff would not be obligated to do so. Rule 34 of the Federal Rules of Civil Procedure requires a party to produce all "documents and things" over which the party has "possession, custody or control." Thus, there is nothing in the wording of the Rule that would require a plaintiff to execute a consent or

---

[2] The Health Insurance Portability and Accountability Act, 42 U.S.C. § 1320d *et seq.*

medical release unless the Plaintiff wishes to do so voluntarily.

Case law in this circuit is not instructive in view of the fact that the Eleventh Circuit has never directly addressed the issue of whether a party can be compelled to execute a medical release. The issue has been addressed, however, by several district courts from other circuits.

For example, in Clark v. Vega Wholesale, Inc., 181 F.R.d. 470, 472 (D. Nev. 1998) the United States District Court for the District of Nevada refused to order a party to execute a medical release in response to a Rule 34 request to produce finding that because the Plaintiff did not have exclusive control of the documents, the relationship between the plaintiff and her doctor was not sufficient to establish control for purposes of Rule 34. That position is also consistent with the position taken by the District Court of Colorado in Neal v. Boulder, 142 F.R.D. 325 (D. Colo. 1992)(finding no basis under Fed.R.Civ.P. 34 that allows courts to compel releases for the medical records because of the plaintiffs' lack of custody of the records).

This position is, however, not universal. For example, in Smith v. The Logansport Community Sch. Corp., 139 F.R.D. 637, 649 (N.D. Ind. 1991), the Northern District of Indiana directed the plaintiff to execute a release of her counseling records, finding that where "the mental or physical condition of a party has been placed in issue, the practice of obtaining written consents for the release of records represents the least expensive and most efficient means of procuring information rom medical or counseling providers."

While the Court acknowledges that in some circumstances, compelling a party to execute releases may be a more expedient and less costly method for a party to obtain

the desired information from a third party, the Court, nonetheless, concludes that the reasoning in Clark to be more consistent with Rule 34, and therefore, the Court declines to order that the Plaintiff be compelled to execute a medical release form.

The fact that the Plaintiff has filed a lawsuit placing his medical condition in issue does not waive the confidentiality of Plaintiff's medical records. Thus, under HIPPA the filing of a lawsuit does not waive the confidentiality of health information, and unless the patient gives written consent the medical provider may only disclose confidential health information under the steps outlined in HIPPA.

Therefore, although the Court declines to compel Plaintiff to execute a HIPPA release, when discovery commences Defendants will be entitled to obtain the required medical records (even though Plaintiff has refused consent) in several ways under HIPPA. Counsel may obtain a court order which allows the health care provider to disclose "only the protected health information expressly authorized by such order." 45 C.F.R. 164.512(e)(1)(I). In the absence of a court order counsel may avail herself of additional methods used in conjunction with traditional means of discovery. These additional methods include obtaining the information through a subpoena or request to produce in compliance with the requirements of 45 C.F.R. § 164.512(e).

Thus, in sum while Defendants cannot compel Plaintiff to execute a HIPPA release simply because Plaintiff filed a lawsuit placing his medical condition in issue Defendants will be entitled to obtain this information, if necessary, through the procedures for disclosure of medical records provided in HIPPA.

The Court appreciates that the medical records could be very relevant to Defendants' defense to the claims in this case. The medical records, however, are not

essential to the formulation of a response to the Third Amended Complaint. Indeed, most defendants responding to complaints are fully able to do so without the benefit of discovery and without the benefit of access to all of a plaintiff's medical records. To the extent that medical information is relevant to Defendant's defense Defendants will have full and fair opportunity to obtain the records in discovery and full and fair opportunity to use the records to support an appropriate motion.

Accordingly, for these reasons, it is **ORDERED**:

1. Defendants' Motion to Compel (Doc. 32) is **DENIED**.

2. Defendants' Motion for Extension of Time (Doc. 33) is **GRANTED**. Defendants shall file their response to the Third Amended Complaint within thirty (30) days of this date.

3. Plaintiff's Motion For Entry of Default (Doc. 34) is **DENIED**.

**DONE AND ORDERED** this 9th day of March, 2011.

_s/Gary R. Jones_
GARY R. JONES
United States Magistrate Judge