IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DAVID EUGENE GRAHAM,

    Plaintiff,

v.                                                         CASE NO. 5:10-cv-65-RS-GRJ

J T WITALEC, et al.,

    Defendants.

_____/

## O R D E R

This case is before the Court on Doc. 36, Defendants' motion for reconsideration of the Court's order (Doc. 35) denying Defendants' motion to compel the Plaintiff to execute a HIPAA[1] medical release, or in the alternative to dismiss this case. The motion to compel alleged that Defendants did not have access to Plaintiff's medical records and that Defendants could not respond to Plaintiff's Eighth Amendment excessive-force claim without such records. The Court denied the motion to compel because: (1) Defendants cited no authority for the proposition that the Court could compel Plaintiff to execute a release; (2) discovery has not yet commenced in this case, and even if it had Fed. R. Civ. P. 34 does not obligate Plaintiff to execute a medical release; and (3) when discovery commences Defendants can avail themselves of the HIPAA procedures for disclosure of medical records without a release. The Court observed that Plaintiff's medical records are not essential to the formulation of a response to the Third Amended Complaint. Doc. 35.

---

[1] The Health Insurance Portability and Accountability Act, 42 U.S.C. § 1320d *et seq.*

In the instant motion, Defendants ask the Court to reconsider requiring Plaintiff to sign a medical release prior to the commencement of discovery, or alternatively to compel Plaintiff to sign a release once discovery commences. As support for the motion, Defendants contend that (1) medical releases are essential to the litigation of *pro se* prisoner medical claims and should be required in such cases even if not required in other types of cases; (2) several courts in the Northern and Middle Districts of Florida have required prisoners to execute medical releases prior to commencement of discovery, and have dismissed cases for failure to execute a release; (3) obtaining a prisoner's medical records under the HIPAA procedures would be inefficient, costly, and burdensome; (4) obtaining medical records expeditiously is critical to early disposition of prisoner cases, particularly in determining whether a prisoner's damages claim is barred by the physical injury requirement of 42 U.S.C § 1997e; and (5) prisoners have "control" of their medical records within the meaning of Rule 34 and therefore should be compelled to sign releases. Defendants also candidly acknowledge that "in this particular case, an answer may be filed without Plaintiff's medical records, as the bulk of Plaintiff's complaint does not refer to his medical condition and the portions thereof that do will simply be answered without knowledge." Defendants assert that this case is "definitely the exception" in that regard. Doc. 36.

The Court is not persuaded that reconsideration of the order denying the motion to compel is warranted, especially in view of Defendants' acknowledgment that they are able to prepare a response to the Third Amended Complaint without such medical records. The Court will, however, briefly address the concerns raised by Defendants in the instant motion.

As stated in the previous order, the Court recognizes that when a plaintiff places his medical condition at issue, his pertinent medical records will be relevant and discoverable by Defendants. That is true regardless whether the plaintiff is a prison inmate, and the Court is not convinced that pre-discovery review of a plaintiff's medical records is "essential" simply because the plaintiff is incarcerated.[2] While other courts have adopted the practice of ordering prisoner plaintiffs to sign medical releases or face dismissal even at the pre-discovery stage, the orders from other magistrate judges in this district and from several magistrate judges in the Middle District of Florida submitted by Defendants as examples, do not discuss or cite any authority for doing so. The Court remains convinced that the applicable rules do not provide such authority. *See*, *e.g.*, *Fields v. West Virginia State Police*, 264 F.R.D. 260, 263 (S.D. W.Va. 2010) (finding no authority under the Federal Rules or elsewhere that empowers a court to require a party who has placed their physical or mental health at issue to execute a HIPAA-compliant medical release).

In *Fields*, the court declined to grant a similar motion to compel, but observed that "[t]he vast majority of plaintiffs sign very broad medical authorizations . . . [a] plaintiff's refusal to sign releases results in increased expense and considerable delay, leading the court to wonder why a plaintiff would choose this strategy. . . . Refusal to sign releases does not eliminate the opposing party's right to discover the records

---

[2] Insofar as a plaintiff's medical records might be useful in facilitating a defendant's recall of the plaintiff and the events giving rise to the claim, in the prison setting the defendants are not formulating a response in a vacuum. If the plaintiff has complied with the requirement to exhaust administrative remedies, then the preparation of a response will be informed by the administrative record developed by the prison.

pertaining to the conditions." *Fields*, 264 F.R.D. at 264. The court noted that the relevant medical records could be obtained through the HIPAA procedures. The court suggested that the best approach is for parties to confer regarding the scope of proposed releases and to use a HIPAA-compliant protective order to restrict use and disclosure of a party's medical information. *Id*.

In this case, Defendants have represented to the Court that they presented Plaintiff with a HIPAA-compliant release, but Defendants did not attach a copy of the proposed release to the motion to compel. *See* Doc. 32. Defendants attached a copy of a letter to Plaintiff asking him to sign a release, and a copy of a "Refusal of Health Care Services" form on which "refused to sign" is noted. The "Refusal of Health Care Services" form makes no reference whatsoever to medical records. *Id*. at 32, Exh. A, B. In his response to Defendants' motion for reconsideration, Plaintiff states that Defendants did not send him a HIPAA release form and that he did not refuse to sign a medical release form. Doc. 37. Defendants' exhibits seem to support that assertion, and thus the Court cannot say that Defendants efforts to obtain a release in this case furthered the goals of expedient and efficient resolution of Plaintiff's claims.

A lawsuit filed by a *pro se* prisoner does not present the opportunity for conference and agreement suggested by *Fields*. If Defendants' wish to obtain a prisoner's medical records by consent, their efforts might be more successful if they take steps to assure that the prisoner understands the scope of the release and that his medical information will be managed and disclosed in accordance with HIPAA. For cases in which a prisoner's medical records will be required, the Court suggests that Defendants present to the Court an appropriately-tailored qualified protective order that

complies with the HIPAA regulations governing the disclosure of protected health information in the course of a judicial or administrative proceeding. *See* 45 C.F.R. § 164.512(e)(1)(v).[3] The protective order could be presented to the prisoner with a request for a release, or -- failing the execution of a release – could be presented in conjunction with a third-party request for the medical records in satisfaction of the requirements of HIPAA. The Court would entertain the issuance of such a protective order at an early stage of the litigation, upon a proper showing of necessity.

Plaintiff is reminded that, having placed his medical condition in issue in this lawsuit, the Defendants will be entitled review the relevant medical records. Plaintiff's failure to comply with the Federal Rules of Civil Procedure or with the Court's orders will result in the imposition of sanctions, which could include dismissal of this case.

Accordingly, for the foregoing reasons, it is **ORDERED:**

That Defendants' Motion for Reconsideration (Doc. 36) is **DENIED**.

**DONE AND ORDERED** this 7th day of April 2011.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

---

[3] "[Q]ualified protective order means, with respect to protected health information requested under paragraph (e)(1)(ii) of this section, an order of a court or of an administrative tribunal or a stipulation by the parties to the litigation or administrative proceeding that:

(A) Prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and

(B) Requires the return to the covered entity or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding."

45 CFR § 164.512.
*Case No: 5:10-cv-00065-RS -GRJ*