IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DAVID EUGENE GRAHAM,

    Plaintiff,

v.                                                CASE NO. 5:10-cv-65-RS-GRJ

J.T. WITALEC, and D. SEARCY,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

Pending before the Court is the Motion To Dismiss filed by Defendants J.T. Witalec and D. Searcy based upon Plaintiff's failure to exhaust his administrative remedies. (Doc. 41.) Plaintiff has filed a response to the motion. (Doc. 50.) For the following reasons, it is **RECOMMENDED** that the motion to dismiss be **GRANTED**.

**I. Background**

Plaintiff is a prisoner in the custody of the Florida Department of Corrections ("FDOC") at Union Correctional Institution in Raiford, Florida. Defendants J.T. Witalec and D. Searcy are both employed by the FDOC at Northwest Florida Reception Center ("NWFRC") in Chipley, Florida. Plaintiff is currently operating pursuant to a Third Amended Complaint. (Doc. 16.)

According to the factual allegations in the Third Amended Complaint, on January 2, 2010, when Plaintiff was incarcerated at NWFRC, Plaintiff was accused by the Defendants of inciting a minor disturbance. Plaintiff allegedly cursed NWFRC staff, yelled into the wing in which his cell was located and kicked his cell door. Defendants

responded to the disturbance and subdued Plaintiff by means of a chemical agent spray. After he was sprayed with the chemical agent, Plaintiff alleges he was then placed by the Defendants in a cold, empty cell with no mattress, linens or footwear and clad only in boxer shorts for a period of 72 hours in a type of punishment called "property restriction." Several disciplinary reports were later filed against Plaintiff based upon these events.

Plaintiff claims the Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by subduing him with a chemical agent spray and placing him in property restriction. Plaintiff seeks both nominal and punitive damages against the Defendants.

## II. The Defendants' Motion to Dismiss and Plaintiff's Response

Defendants filed a motion to dismiss (Doc. 41), seeking dismissal of Plaintiff's Third Amended Complaint. The Defendants argue Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42, U.S.C. § 1997e(a) and therefore his case must be dismissed for lack of jurisdiction.[1]

Attached to the motion to dismiss is an affidavit of Rebecca Padgham, who is employed as a Management Analyst I with the FDOC's Bureau of Inmate Grievance Appeals. (Doc. 41 Exh. E.) Ms. Padgham attests that her review of the FDOC's grievance records reflects Plaintiff filed no grievance appeals between January 2010 and April 2010 relating to his complaint of being sprayed with a chemical agent.

---

[1] The Defendants also contend the Third Amended Complaint should be dismissed as a sanction for what the Defendants contend were Plaintiff's misrepresentations in a previous filing in this case. (Doc. 37.) The Court need not need address this ground, however, because this case is due to be dismissed for Plaintiff's failure to exhaust his administrative remedies.

Plaintiff did, however, file three grievance appeals during that time period, all of which challenge various disciplinary reports. In his response, Plaintiff states he was not given a fair opportunity to exhaust his administrative remedies.

### III.  Discussion

**A.     Exhaustion under the PLRA**

The PLRA requires a prisoner to exhaust all available administrative remedies before filing an action challenging prison conditions.  "This requirement is a 'pre-condition to suit' that must be enforced even if the available administrative remedies are 'futile or inadequate.'" *Logue v. Pearson,* No. CV410-240, 2011 U.S. Dist. LEXIS 66950, at *2-3 (S.D. Ga. 2011)*(citing Harris v. Garner,* 190 F.3d 1279, 1285-86 (11th Cir. 2005))*.*  Exhaustion is mandatory under the PLRA, and unexhausted claims are not permitted.  *See Jones v. Bock,* 549 U.S. 199, 211 (2002)*.*

Further, the PLRA's exhaustion requirement contains a procedural default component; prisoners must comply with the applicable deadlines, or good-cause standards for failure to comply, contained in the administrative grievance procedures. *Johnson v. Meadows*, 418 F.3d 1152, 1158 (11th Cir. 2005).  "'[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating. . . . [T]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'" *Id*. (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024-25 (7th Cir. 2002)).

To exhaust administrative remedies in Florida, a prisoner in FDOC custody must complete the administrative review process established under regulations promulgated

by the Secretary of the FDOC.  FLA. STAT. ANN. § 944.09(1)(d) ("The department has authority to adopt rules ... to implement its statutory authority. The rules must include rules relating to ... [g]rievance procedures which shall conform to 42 U.S.C. § 1997e."). Under the administrative review process established by the Secretary of the FDOC, a prisoner must: (1) file an informal grievance with a designated prison staff member, (2) file a formal grievance with the warden's office, and then (3) submit an appeal to the Secretary of the FDOC.  *Chandler v. Crosby*, 379 F.3d 1278, 1288 (11th Cir. 2004)(citing FLA. ADMIN. CODE ANN. §§ 33-103.001 to -103.019*).*  Once a prisoner has completed this process, he then has properly exhausted his administrative remedies. *Id.*

In the Eleventh Circuit, the defense of failure to exhaust under the PLRA is considered a matter in abatement under Fed. R. Civ. P. 12 and thus is treated like a defense of lack of jurisdiction.  *Bryant v. Rich,* 530 F.3d 1368, 1374, 1376 (11th Cir. 2008)*.*  Deciding a motion to dismiss for failure to exhaust administrative remedies requires a two-step process as established in *Turner v. Burnside,* 541 F.3d 1077, 1082 (11th Cir. 2008)*.*  The Court first "looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes plaintiff's version of the facts as true.  If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed."  *Id.* at 1082.  If the complaint is not subject to dismissal through the first step, the Court "proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.*

### B. Plaintiff's Grievances and Grievance Appeals

Defendants contend that Plaintiff did not complete the required administrative remedy process described above with respect to the Eighth Amendment claims he seeks to advance in this lawsuit. Plaintiff filed a formal grievance with the Warden of NWFRC on January 12, 2010 (the "Formal Grievance"), which was assigned formal grievance #1001-110-027, contending he was subjected to cruel and unusual punishment on January 2, 2010 when he was sprayed with a chemical agent and placed on 72 hour property restriction. (Doc. 41 Exh. A.) Plaintiff's Formal Grievance was returned without further action on February 1, 2010 because it addressed more than one issue or complaint. (*Id.*)

On January 19, 2010, before the Warden at NWFRC had responded to his Formal Grievance, Plaintiff filed grievance appeal #10-6-02709 ("Grievance Appeal #1") with the Secretary of the FDOC, which was nearly identical to his Formal Grievance. (Doc. 41 Exh. B.) Grievance Appeal #1 was returned to Plaintiff without action on January 28, 2010 for Plaintiff's failure to attach a copy of the institutional response to his Formal Grievance, as required by the relevant regulation. (*Id.*) The Secretary's response to Grievance Appeal #1 also included a notation that "review of the grievance database indicates that you filed formal grievance #1001-110-027 at Northwest Florida Reception Center on 1/12/10. The response will be forwarded to you at your current facility." (*Id.* at 2.)

On February 19, 2010 Plaintiff filed another grievance appeal ("Grievance Appeal #2") with the Secretary of the FDOC, which was assigned grievance appeal #10-6-06521. (Doc. 41 Exh. C.) In Grievance Appeal #2, Plaintiff stated he had filed

his Formal Grievance at NFWRC on January 12, 2010 and it had been more than 30 days and he had yet to receive a response.  (*Id.*)  He further stated that if there had been a response to his Formal Grievance by the NWFRC Warden, he had not been forwarded a copy of that response at his current facility, Santa Rosa Correctional Institution.  (*Id.*)  Grievance Appeal #2 was returned to Plaintiff without action on March 4, 2010 for his failure to follow the FDOC's procedures for properly appealing a grievance.  (*Id.*)  Plaintiff was also given a courtesy copy of the response by the NWFRC Warden to his Formal Grievance and was also given an additional 15 days within which to appeal the NWFRC Warden's handling of his Formal Grievance.  (*Id.*)

Plaintiff then filed grievance appeal #10-6-06547 ("Grievance Appeal #3") on February 25, 2010. (Doc. 41 Exh. D.)  This grievance appeal related to the action that had been taken on his Formal Grievance at NFWRC. (*Id.*)  Plaintiff's specific issue with the denial of his Formal Grievance was that his grievance was correct because it only included one issue – the single incident. (*Id.*)  The Secretary's March 4, 2010 response to Grievance Appeal #3 advised that the appeal being returned  as non-compliant with the appropriate regulations, along with a notation that Plaintiff "failed to follow instructions [he] received at the institution/facility level before processing your appeal to this office. Furthermore, you have addressed issues in 2 disciplinary reports (125-100004 and 125-100001).  A separate grievance must be filed on each." (*Id.*)

C.    Legal Analaysis

The Court concludes for the following reasons that Plaintiff did not exhaust his remedies with respect to the Eighth Amendment claims advanced against the Defendants in his Third Amended Complaint.  While Plaintiff submitted a formal

grievance to the Warden of NWFRC complaining about the Defendants' actions on January 2, 2010, Plaintiff did not, however, complete the administrative review process established under regulations promulgated by the Secretary of the FDOC.

Plaintiff's three grievance appeals to the Secretary of the FDOC were all properly returned without action because of Plaintiff's failure to properly follow the three step process established by the Secretary and codified in the Florida Administrative Code. FLA. ADMIN. CODE ANN. §§ 33-103.001 to -103.019.  Plaintiff was required to comply with the procedural requirements established by the Secretary for filing a grievance, *Johnson v. Meadows*, 418 F.3d 1152, 1158 (11th Cir. 2005), including the requirement that each grievance must only address a single issue. *Lawson v. McDonough*, No. 4:04-cv-00105-MP-AK, 2006 WL 3844474, at *22 (N.D. Fla. Dec. 27, 2006)(Florida state prisoner's federal constitutional claim found unexhausted where the grievance was returned without action because the grievance included more than one issue and the prisoner did not re-file the grievance).  Plaintiff's Formal Grievance was deficient because it addressed more than one issue in violation of FLA. ADMIN. CODE ANN. § 33-103.006 and all three of Plaintiff's grievance appeals were deficient because the appeals either violated the single issue rule or failed to attach the institutional response. Plaintiff was provided with the opportunity to cure these deficiencies and to re-file his formal grievance with the Warden of NWFRC but failed to do so.

Accordingly, because Plaintiff failed to properly present his claims to the Secretary of the FDOC through the administrative review process established by the Secretary of the FDOC, Plaintiff has failed to properly exhaust the claims in the Third Amended Complaint.  The Court, therefore, concludes that Plaintiff's claims should be

**DISMISSED** for failing to exhaust his administrative remedies.

## IV.  Recommendation

For the foregoing reasons it is respectfully **RECOMMENDED** that the Motion To Dismiss (Doc. 41) should be **GRANTED** and this case should be **DISMISSED**.

**IN CHAMBERS**  this 20th day of January 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**